UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:98-CR-064-SDJ |
| § | |
| RALPH NATHANIEL THOMPSON § | |
| (2) § | |

# MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Ralph Nathaniel Thompson's Motion for Compassionate Release Pursuant to the First Step Act, (Dkt. #522), and Motion for a Limited Extension of Time to Reply to the Government's Response, (Dkt. #529). The Government filed a response in opposition to the compassionate-release motion. (Dkt. #523). Thompson then filed an Addendum to Motion for Compassionate Release Pursuant to the First Step Act, (Dkt. #524), to which the Government filed an additional response, (Dkt. #527). The Court, having considered the motions, the briefing, and the applicable law, concludes that the compassionate-release motion, (Dkt. #522), must be **DISMISSED for lack of jurisdiction** and the extension motion, (Dkt. #529), must be **DENIED as moot**.

## I. BACKGROUND

After a jury trial, Thompson was convicted on one count of Racketeer Influenced and Corrupt Organization (RICO) in violation of 18 U.S.C. § 1962, one count of Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d), one count of Conspiracy to Distribute Cocaine in violation of 21 U.S.C. § 846, and one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h).

1

Thompson was sentenced to life in prison. He is currently serving his sentence at the Bureau of Prison's ("BOP") FCI Victorville facility in Adelanto, California.

Relying on 18 U.S.C. § 3582(c)(1)(A)(i), Thompson now requests that the Court reduce his sentence to time served. Thompson argues that risks to his health associated with the COVID-19 pandemic present "extraordinary and compelling reasons" justifying his release under the statute. Specifically, Thompson argues that he is at a greater risk of contracting and dying from COVID-19 because he is a Black male over the age of fifty with underlying health conditions, though he does not specify what those underlying health conditions are.

Thompson attaches to his motion a request for compassionate release that he claims to have submitted to his warden on April 22, 2020. Thirty days have passed without the BOP acting on Thompson's request. The Government asserts that the BOP has no record of any such request being filed by Thompson and claims that Thompson never submitted the attached request.

## II. DISCUSSION

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance, invoked by Thompson, arises from 18 U.S.C. § 3582(c)(1)(A)(i), which authorizes a district court to reduce a term of imprisonment when "extraordinary and compelling reasons" for a reduction exist that are

"consistent with applicable policy statements issued by the Sentencing Commission," and other procedural and substantive requirements are met. 18 U.S.C. § 3582(c)(1)(A).

Though Thompson has met the statute's exhaustion requirement, he has not met the statute's requirement that "extraordinary and compelling reasons" exist "consistent with applicable policy statements issued by the Sentencing Commission," warranting a reduction of his sentence. Thompson's motion must therefore be dismissed for lack of jurisdiction.

**A. Thompson Has Met Section 3582(c)(1)(A)'s Exhaustion Requirement.**

Thompson's compassionate-release motion may be considered only if he first meets Section 3582(c)(1)(A)'s exhaustion requirement. The statute provides that a court may not consider any modification to a defendant's sentence under Section 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The Director of the BOP may request a sentence reduction in court at any time. *Id.* A defendant may also make such a request but only after fully exhausting remedies within the BOP or after thirty days have passed since he or she sought administrative remedies. *Id.*[1]

Attached to Thompson's motion is a request Thompson claims to have submitted to his warden on April 22, 2020. The request appears to be an official form

---

[1] In 2018, Congress passed the First Step Act, Pub. L. 115-391, 132 Stat. 5194, which, among other things, amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant, in addition to the Director of the BOP, to move for a sentence reduction.

3

used by the BOP for inmates to use to submit requests to prison staff. Thompson's request is filled out, dated, and addressed to the warden of his facility. The request urges the same grounds for release that Thompson now urges before this Court. When Thompson filed his compassionate-release motion, more than thirty days had passed since the date indicated on the request. The Court therefore concludes that Thompson has made a sufficient showing that he exhausted his administrative remedies prior to filing his motion.

**B. Thompson Has Not Met Section 3582(c)(1)(A)'s Requirements for Sentence Modification.**

> **1. Thompson must meet Section 3582(c)(1)(A)'s requirement that "extraordinary and compelling reasons" exist "consistent with applicable policy statements issued by the Sentencing Commission," warranting a reduction of his sentence.**

Under Section 3582(c)(1)(A)(i), a district court may grant a sentence reduction if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Congress did not define what constitute "extraordinary and compelling reasons" for a sentence reduction under Section 3582(c)(1)(A), but rather delegated that authority to the Sentencing Commission. In 28 U.S.C. § 994(a)(2), Congress granted the Commission broad authority to promulgate "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence

implementation that in the view of the Commission would further the purposes set forth in [18 U.S.C. § 3553(a)(2)]." And, as particularly relevant here, in 28 U.S.C. § 994(t), "Congress instructed the Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction [under Section 3582(c)(1)(A)], including the criteria to be applied and a list of specific examples.'" *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (quoting 28 U.S.C. § 994(t)).

The Commission's policy statements, issued under 28 U.S.C. § 994(t), are binding concerning what should be considered extraordinary and compelling reasons for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). As the Fifth Circuit has explained, "a common sense reading" of Section 3582(c)(1)(A)'s phrase that a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," is that, "regardless of whether Congress wanted [the Commission's] policy statements to be binding in the sentencing context, it wished them to be binding in § 3582(c) proceedings." *Id.* "If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding." *Id.*; *see also Dillon*, 560 U.S. at 827 (explaining that the Commission's pertinent policy statements are binding on courts where 18 U.S.C. § 3582(c)(2)—using the same language as Section 3582(c)(1)(A)—permits a sentencing reduction based on a retroactive guidelines amendment only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

Thus, Thompson cannot obtain a sentence reduction under Section 3582(c)(1)(A) merely by asserting reasons that he, or for that matter this Court, might believe are sufficiently "extraordinary and compelling" to justify a sentence reduction. Instead, under the plain text of 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 994(t), as well as controlling precedent, Thompson's proffered reasons must be consistent with the Sentencing Commission's applicable policy statement concerning what should be considered extraordinary and compelling reasons for a sentence reduction under Section 3582(c)(1)(A).

**2. Thompson fails to satisfy Section 3582(c)(1)(A) because his alleged "extraordinary and compelling reasons" for sentence reduction are not "consistent with applicable policy statements issued by the Sentencing Commission."**

Thompson's compassionate-release motion turns on his assertion that the risks to his health associated with COVID-19 constitute extraordinary and compelling reasons to reduce his sentence.[2] Thompson's assertion fails because it is untethered to the Sentencing Commission's binding applicable policy statement in Section

---

[2] As an alternative ground for release, Thompson argues that the sentence he received is longer than the sentence he would receive for the same conduct today. According to Thompson, this is because facts that increased his mandatory minimum sentence were found by the sentencing judge by a preponderance of the evidence. Yet after the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), facts that increase a defendant's mandatory minimum sentence must be found by the jury beyond a reasonable doubt.

However, Section 3582 does not provide a mechanism for challenging sentences as unconstitutional under intervening Supreme Court precedent. *United States v. Hicks*, 663 F.App'x 299, 302 (5th Cir. 2016). Section 3582 provides limited grounds under which a defendant can obtain a sentence reduction but does not provide an opportunity to relitigate sentencing issues. *Id.* (citing *Dillon*, 560 U.S. at 831; *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994)). Because Thompson's argument regarding *Alleyne* relates to findings made at his original sentencing, it is not cognizable in a Section 3582(c) motion. *See id.*; *United States v. Flores*, 782 F.App'x 310, 312 (5th Cir. 2019); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

1B1.13 of the Sentencing Guidelines. Section 1B1.13 describes what are considered "extraordinary and compelling reasons" for a sentence reduction under Section 3582(c)(1)(A)(i) and provides no basis for a reduction based on health risks associated with the threat of COVID-19.

Section 1B1.13 allows a sentence reduction for "extraordinary and compelling reasons" only if the reasons are "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3).[3] Application note 1 to the policy statement explains that "extraordinary and compelling reasons exist under any of the circumstances set forth below," which include only: (a) a defendant suffering from a terminal illness or other medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) a defendant at least 65 years old who "is experiencing a serious deterioration in physical or mental health because of the aging process" and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (c) a defendant who has minor children without a caregiver or with an incapacitated spouse or partner who needs the defendant to be the caregiver; or (d) "[a]s determined by the Director of the Bureau of Prisons, . . . an

---

[3] The policy statement is binding under the express terms of Section 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Dillon*, 560 U.S. at 824–28 (rejecting the proposed application of *Booker* in the related context of a proceeding under Section 3582(c)(2)); *United States v. Doublin*, 572 F.3d 235, 237–39 (5th Cir. 2009) (rejecting application of *Booker* to sentence reductions under 18 U.S.C. § 3582).

extraordinary and compelling reason other than, or in combination with, the [above] reasons." *Id*. cmt. n.1(A)–(D).

Consistent with the application note, the BOP has issued Program Statement 5050.50 ("PS 5050.50"), which describes the BOP's consideration of compassionate-release requests. PS 5050.50, which was amended effective January 17, 2019, following the passage of the First Step Act, sets forth in detail the BOP's definition of circumstances that may support a request for compassionate release, limited to the same bases identified by the Commission: serious medical conditions, advanced age, and family circumstances.[4] *See* PS 5050.50 ¶¶ 3–6.

Neither the Commission's policy statement nor PS 5050.50 provide a basis for compassionate release based on Thompson's COVID-19 concerns. Instead, the grounds for release are limited to individual circumstances involving health, age, family responsibilities, and other reasons as determined by the Director of the BOP. For this reason, courts have concluded that an inmate's concerns about risks associated with the spread of COVID-19 are not consistent with the policy statement of the Commission as required by Section 3582(c)(1)(A). *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering

---

[4] PS 5050.50 also requires consideration of a list of nonexclusive factors: "the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and '[w]hether release would minimize the severity of the offense.'" *United States v. Saldana*, 807 F.App'x 816, 819 (10th Cir. 2020) (quoting PS 5050.50 ¶ 7).

8

BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); *United States v. Eberhart*, No. 13-CR-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

Because Thompson's compassionate-release motion seeks a sentence reduction based on alleged "extraordinary and compelling reasons" that are not "consistent with applicable policy statements issued by the Sentencing Commission," he fails to meet the requirements of Section 3582(c)(1)(A)(i).[5]

### 3. The First Step Act did not alter the substantive criteria for compassionate release under Section 3582(c)(1)(A).

Following the enactment of the First Step Act, the Sentencing Commission's policy statements have not been updated. The result has been that courts across the country have been divided on the question of whether Section 1B1.13 and its application notes still apply to the "extraordinary and compelling reasons" determination under 18 U.S.C. § 3582(c)(1)(A).

Among circuit courts, the Tenth Circuit first considered the issue when it addressed whether "post-sentencing developments in case law" might constitute an extraordinary and compelling reason under Section 3582(c)(1)(A). *See United States v. Saldana*, 807 F.App'x 816, 818–20 (10th Cir. 2020). Rejecting that

---

[5] Given Thompson's failure to meet Section 3582(c)(1)(A)'s requirements, the Court need not address whether the applicable 18 U.S.C. § 3553(a) factors support a sentence reduction.

9

argument, the Tenth Circuit held that "neither the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction." *Id*. at 820. Consistent with *Saldana*, the Tenth Circuit has continued to look to Section 1B1.13 as binding guidance to determine what constitute extraordinary and compelling reasons under Section 3582(c)(1)(A). *See United States v. Pinson*, __ F.App'x __, 2020 WL 7053771, at *3 (10th Cir. Dec. 2, 2020) (acknowledging that the application notes to Section 1B1.13 still contain the applicable policy statement governing compassionate-release motions); *United States v. Sears*, __ F.App'x __, 2020 WL 7090503, at *2 n.3 (10th Cir. Dec. 4, 2020) (same).

Other courts, including this Court, have reached the same conclusion as the *Saldana* court; *i.e.*, that while the First Step Act expanded prisoners' access to the courts to file compassionate-release motions under Section 3582(c)(1)(A), it did not alter the substantive standards governing such motions. *See, e.g.*, *United States v. Dodd*, 471 F.Supp.3d 750, 757–58 (E.D. Tex. 2020) ("The fact that Congress's change to section 3582's procedural mechanism necessarily overrides a Sentencing Commission policy statement concerning the same procedural mechanism cannot be translated into congressional intent to alter the statute's provisions governing the merits of compassionate-release motions."); *United States v. Lynn*, No. 89-72, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019) (explaining that "there is no . . . inherent incompatibility between a statute allowing defendants to move for compassionate release and a policy statement allowing BOP a role in determining whether

10

compassionate release is warranted, and thus no basis for deeming the policy statement [in section 1B1.13] overridden"); *United States v. Ebbers*, 432 F.Supp.3d 421, 427 (S.D.N.Y. 2020) ("Congress in fact only expanded access to the courts; it did not change the standard.").

Although the Fifth Circuit has not addressed this issue in a published opinion, it has recently issued at least one decision that, consistent with *Saldana*, treated Section 1B1.13 as the Sentencing Commission's "applicable" policy statement for a Section 3582(c)(1)(A) motion. *See generally United States v. Bell*, 823 F.App'x 283 (5th Cir. 2020) (per curiam). In *Bell*, the defendant sought to appeal the denial of his compassionate-release motion under 18 U.S.C. § 3582(c)(1)(A) on the grounds that his sentence was "unduly long and [that] his guilty plea was not knowing and voluntary." *Id.* at 284. The Fifth Circuit dismissed the appeal as frivolous because the defendant's stated grounds for release were not any of the grounds contained in the commentary to Section 1B1.3, and, therefore, the stated grounds were inconsistent with the policy statements of the Sentencing Commission as required by the statute. *Id.* While the court did not address the issue of whether the First Step Act changed the binding nature of the sentencing guidelines, Section 1B1.13 must be binding because the defendant's attempt to depart from the guidelines would not have been deemed frivolous otherwise. *See also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (discussing the First Step Act's procedural changes to Section 3582(c)(1)(A) and affirming the district court's denial of compassionate

11

release, which applied Section 1B1.13's policy statement describing when extraordinary and compelling reasons exist for the purpose of sentence modification).

The Court notes, however, that several circuits, beginning with the Second Circuit, have reached a different conclusion. In *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), the Second Circuit held that, because the First Step Act allows inmates, as well as the BOP, to file compassionate-release motions under Section 3582(c)(1)(A), Section 1B1.13 now applies *only* when such motions are made by the BOP and is inapplicable when a compassionate-release motion is made by a defendant. *Id*. at 235–36. The Fourth, Sixth, and Seventh Circuits have agreed, largely or entirely, with the Second Circuit's conclusion. *See United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020) (holding that "[a] sentence reduction brought about by motion of a defendant, rather than the BOP, is not a reduction 'under this policy statement,'" *i.e.*, under Section 1B1.13, and therefore Section 1B1.13 is not "applicable" to such motions); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (agreeing with *Brooker* and holding that there is no "applicable" policy statement for Section 3582(c)(1)(A) motions after the First Step Act); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (agreeing with *Brooker* and holding that, "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion").

This Court remains persuaded that Section 1B1.13's substantive provisions apply to Section 3582(c)(1)(A) motions. The Court's conclusion is driven by the fact that, through the First Step Act, Congress amended procedural provisions of Section 3582(c)(1)(A), but left unamended the substantive criteria applicable to Section 3582(c)(1)(A) motions. *See United States v. Conyers*, No. 4:12-CR-016-SDJ, 2020 WL 7480695, at *4–7 (E.D. Tex. Dec. 18, 2020). The First Step Act left unchanged two critical statutory commands vesting the Commission, not the courts, with authority to set the applicable standard for "extraordinary and compelling reasons" warranting a sentence reduction. First, any sentence reduction under Section 3582(c)(1)(A) must still be "consistent with applicable policy statements issued by the Sentencing Commission." Second, "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in Section 3582(c)(1)(A) of Title 18, *shall describe what should be considered extraordinary and compelling reasons for sentence reduction*, including the criteria to be applied and a list of specific examples." 28 U.S.C. 994(t) (emphasis added).

Under the circumstances, the Court cannot conclude that the First Step Act's *procedural* modification to Section 3582(c)(1)(A), allowing inmates as well as the BOP to file compassionate-release motions, somehow renders "inapplicable" the Commission's policy statement on the *substantive* requirements governing such motions. *See Conyers*, 2020 WL 7480695, at *4–7. Section 1B1.13's provisions concerning "extraordinary and compelling reasons" for a sentence reduction are, on their face, procedurally neutral. The Court can discern no principled reason to treat

13

a purely procedural expansion of Section 3582(c)(1)(A) as somehow nullifying Section 1B1.13's substantive guidance on compassionate release. There is also no reason to believe that Congress intended to effectuate, through the First Step Act, the implementation of multiple, varying standards for courts' consideration of compassionate-release motions under Section 3582(c)(1)(A): one text-bound standard for BOP-filed motions and a myriad of differing standards for defendant-filed motions to be developed and applied on a case-by-case basis by district courts across the country. *See Conyers*, 2020 WL 7480695, at \*4–7.

Because the language of the statutes at issue is unambiguous and provides no basis to nullify entirely or in part the application of Section 1B1.13's substantive criteria to Section 3582(c)(1)(A) motions, the Court concludes that Section 1B1.13 provides the Sentencing Commission's "applicable" policy statement concerning the standard to be applied in evaluating whether "extraordinary and compelling reasons" support a sentence reduction. *See id.* Likewise, the Court remains bound by Fifth Circuit precedent confirming that the Sentencing Commission's policy statements are binding in Section 3582(c) proceedings. *See Garcia*, 655 F.3d at 435 ("If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding.").

For these reasons, the Court will adhere to the controlling text of Section 3582, together with Supreme Court and Fifth Circuit precedent, confirming that any proposed sentence reduction under Section 3582(c)(1)(A) must be consistent with applicable policy statements issued by the Sentencing Commission.

**C. Thompson's Motion Must Be Dismissed for Lack of Jurisdiction.**

Because Thompson's motion for compassionate release fails to meet the requirements of Section 3582(c)(1)(A), it must be dismissed for lack of jurisdiction. It is well-settled in the Fifth Circuit that 18 U.S.C. § 3582 sets out the limited instances in which a district court has jurisdiction to modify a term of imprisonment. *See, e.g.*, *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam) (citing *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)) ("The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."); *United States v. Marion*, 79 F.App'x 46, 46 (5th Cir. 2003) (per curiam) (citing *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994)) (stating that "Section 3582(c) limits sentence modification only to certain narrow circumstances, none of which are applicable in Marion's case," and dismissing the motion because it was "unauthorized and without a jurisdictional basis"). In a line of cases spanning over two decades, circuit case law has repeatedly reaffirmed that Section 3582 provides a limited grant of jurisdiction for a district court to modify a term of imprisonment.[6] *See, e.g.*, *United States v. Rene*, 785 F.App'x 240, 240–41 (5th Cir. 2019) (per curiam); *Bridges*, 116 F.3d at 1112.

---

[6] The Fifth Circuit recently held that Section 3582(c)(1)(A)'s requirement that a defendant exhaust administrative remedies with the BOP before filing a compassionate-release motion in federal court is "a nonjurisdictional claim-processing rule." *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020). However, *Franco* does not evince a departure from the decades of precedent holding that Section 3582's substantive requirements are jurisdictional.

Because these cases speak in terms of Section 3582 as a whole, it follows that Section 3582(c)(1)(A), and the limitations within, circumscribe the Court's jurisdiction.

Under the rule of finality, "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (plurality op.) (citing 18 U.S.C. § 3582(c)); *see also Dillon*, 560 U.S. at 819 (same). This limitation on federal courts' power is confirmed in the text of Section 3582. *See* 18 U.S.C. § 3582(c) (stating that, subject to certain exceptions, a court "may not modify a term of imprisonment once it has been imposed").

This "rule of finality is subject to a few narrow exceptions." *Freeman*, 564 U.S. at 526. Section 3582 provides such exceptions, including an exception allowing the Director of the BOP, or a defendant who has fully exhausted all administrative remedies, to move for a modification of the defendant's imprisonment term based on the existence of "extraordinary and compelling reasons" warranting a reduction of the defendant's sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[7] If the text of an applicable exception is met, Section 3582 provides that the case falls within the district court's adjudicatory authority to modify the defendant's term of imprisonment. If the text of an applicable exception is not met, there is no jurisdictional basis for the court to modify the term of imprisonment given the longstanding, strict application of the

---

[7] Beyond Section 3582, there are additional, limited exceptions to the finality rule. For example, Federal Rule of Criminal Procedure 35(a) authorizes a district court to "correct a sentence that resulted from arithmetical, technical, or other clear error," and Rule 35(b) authorizes a district court to "reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."

16

finality rule. Thus, the exceptions set forth in the text of Section 3582 serve to create jurisdiction to modify a defendant's term of imprisonment where no jurisdiction would otherwise exist under the finality rule.

Here, because Thompson has failed to meet the controlling requirements for compassionate release set forth in Section 3582(c)(1)(A), his motion for compassionate release must be dismissed for lack of jurisdiction.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant Ralph Nathaniel Thompson's Motion for Compassionate Release Pursuant to the First Step Act, (Dkt. #522), is **DISMISSED for lack of jurisdiction**. It is further **ORDERED** that Defendant's Motion for a Limited Extension of Time to Reply to the Government's Response, (Dkt. #529), is **DENIED as moot**.

**So ORDERED and SIGNED this 30th day of December, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE