UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:98-CR-64-SDJ |
| | § | |
| RALPH NATHANIEL THOMPSON | § | |
| (2) | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ralph Nathaniel Thompson's Motion for Reconsideration Following the Supreme Court's Ruling in *United States v. Concepcion*, No. 20-1650, (Dkt. #563). Thompson also filed a Notice of Appeal, (Dkt. #564), and a Motion to Proceed *In Forma Pauperis* on Appeal, (Dkt. #565). The Court, having considered the motions and the applicable law, **DENIES** the motion for reconsideration and **GRANTS** the motion to proceed *in forma pauperis* on appeal.

## A. MOTION FOR RECONSIDERATION

Thompson asks the Court to reconsider its June 17, 2022, Memorandum Opinion and Order denying his Motion for Compassionate Relief Pursuant to the "Catch-All Provision" under the First Step Act's Amended § 3582(c)(1)(A)(i) of 2018, (Dkt. #562). Thompson contends that the Court should reconsider its opinion in light of the Supreme Court's recent decision in *Concepcion v. United States*, -S.Ct.-, No. 20-1650, 2022 WL 2295029 (June 27, 2022).

1

## 1. Legal Standard

Typically, courts "construe a motion to reconsider a denial of compassionate release as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e)." *United States v. Garrett*, 15 F.4th 335, 339 (5th Cir. 2021). Motions filed pursuant to Rule 59(e) must be filed no later than 28 days after the entry of the order denying a compassionate-release motion. *See* FED. R. CIV. P. 59(e). Thompson filed his motion to reconsider within 28 days after the Court entered its order denying Thompson's compassionate-release motion. Accordingly, the Court construes Thompson's motion for reconsideration as a motion to alter or amend judgment under Rule 59(e). Amending a judgment under Rule 59(e) is appropriate "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Garrett*, 15 F.4th at 339-340 n.5, quoting *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017).

## 2. Discussion

Here, Thompson argues that there has been an intervening change in the controlling law that warrants a reconsideration of this Court's prior order.[1] Thompson relies on the Supreme Court's recent decision in *Concepcion, supra.* In *Concepcion*, the Supreme Court held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." *Id.* at *12. Although "the First Step Act does

---

[1] Thompson did not argue that his motion for reconsideration should be granted because newly discovered evidence now exists or that a manifest error of law or fact needs correction.

not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction," the district court is required "to demonstrate that it has considered the arguments before it." *Id.*

In his compassionate-relief motion, Thompson argued that his sentence should be reduced because of his rehabilitative efforts. Thompson further argued that the sentence he received is longer than the sentence he would receive for the same conduct today because facts that increased his mandatory minimum sentence were found by the sentencing judge by a preponderance of the evidence.

As the Court explained in its Memorandum Opinion and Order, Thompson's rehabilitation, without more, cannot be considered an extraordinary reason justifying a reduction in his sentence. *See* 28 U.S.C. § 994(t). Additionally, the Court explained that even though the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), now requires a jury to find facts beyond a reasonable doubt that increase a defendant's mandatory minimum sentence, Section 3582 does not provide a mechanism for challenging sentences as unconstitutional under intervening Supreme Court precedent. *United States v. Hicks*, 663 F.App'x 299, 302 (5th Cir. 2016). Globally, the Court found that Thompson did not satisfy the exhaustion requirement with respect to these two arguments.[2]

---

[2] In reviewing Section 3582 compassionate-release motions, it is well-settled that "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Garrett*, 15 F.4th at 339 n.3.

In light of *Concepcion*, Thompson argues that this Court should now reconsider his rehabilitative efforts as well as the Supreme Court's intervening precedent discussed in *Alleyne*. Thompson's reliance on *Concepcion*, however, is misplaced. The *Concepcion* decision instructs district courts how to analyze motions brought pursuant to Section 404 of the First Step Act, ***not*** compassionate-release motions brought pursuant to Section 603(b) of the First Step Act. Section 603(b) amended  18 U.S.C. §  3582(c)(1)(A), the compassionate-release statute, to permit a court to modify an imposed term of imprisonment at the request of a defendant when the following criteria are met: (1) the defendant has either exhausted his administrative remedies, or waited thirty days after filing a request with the Bureau of Prisons before filing his motion with the court; (2) extraordinary and compelling reasons warrant a reduction; (3) a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (4) the court has considered the factors set forth in 18 U.S.C. § 3553(a).[3] Thompson brought his motion pursuant to Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, not under Section 404 of the First Step Act; therefore, *Concepcion* is not applicable to Thompson's motion.[4]

---

[3] Prior to passage of the First Step Act, courts could consider compassionate release only upon motion of the BOP. Section 603(b) of the First Step Act – "Increasing the Use and Transparency of Compassionate Release" – amended Section 3582(c)(1)(A) to permit defendants to file such motions on their own behalf, as long as they first apply with the BOP. *See* Pub. L. No. 115-391, 132 Stat. 5194, 5239 § 603(b) (2018).

[4] Indeed, in *Concepcion* the Supreme Court contrasted proceedings under Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, with Section 404 proceedings, noting that in Section 3582(c)(1)(A) Congress "expressly cabined district courts' discretion [to grant compassionate release] by requiring courts to abide by the Sentencing Commission's policy statements." 2022 WL 2295029, at *9.

By way of instruction, Section 404 of the First Step Act ("FSA") gives courts discretion to reduce sentences for "defendants convicted of certain crack cocaine offenses . . . as if the reduced statutory minimum penalties implemented by the Fair Sentencing Act of 2010 ('FAIR') were in place at the time the offenses were committed." *United States v. Stewart*, 964 F.3d 433, 433 (5th Cir. 2020); *see also United States v. Abdul-Ali*, 19 F.4th 835, 837 (5th Cir. 2021) (citing *United States v. Hegwood*, 934 F.3d 414, 416–17 (5th Cir. 2019)); First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018). A defendant must meet three criteria to be eligible for a sentence reduction under Section 404: "(1) he committed a 'covered offense'; (2) his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act; and (3) he did not previously file a motion under the First Step Act that was denied on the merits." *Abdul-Ali*, 19 F.4th at 837 (quoting *United States v. Batiste*, 980 F.3d 466, 470 (5th Cir. 2020)). A "covered offense" is a violation of a federal criminal statute for which the statutory penalties were modified by Section 2 or 3 of FAIR that was committed before August 3, 2010. Pub. L. 115-391, § 404(a), 132 Stat. at 5222.

FAIR took effect on August 3, 2010, and its more lenient mandatory minimum provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after that date. *Dorsey v. United States*, 567 U.S. 260, 264, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). Under the FSA, eligibility for resentencing "does not equate to entitlement," as the statute clearly states, "Nothing in this section shall be construed to require a court to reduce any sentence pursuant

5

to this section." *Batiste*, 980 F.3d at 471 (quoting Pub. L. No. 115-391, § 404(c), 132 Stat. at 5222). And notably, the FSA "does not allow plenary resentencing." *Hegwood*, 934 F.3d at 415.

Since *Concepcion* does not present an intervening change in the controlling law regarding compassionate-release motions filed pursuant to Section 3582, Thompson has not presented a basis to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Accordingly, Defendant Ralph Nathaniel Thompson's Motion for Reconsideration Following the Supreme Court's Ruling in *United States v. Concepcion*, No. 20-1650, (Dkt. #563), should be denied.

## B. MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On the same day Thompson filed his Motion for Reconsideration, Thompson also filed a Notice of Appeal, (Dkt. #564), appealing this Court's June 17, 2022, Memorandum Opinion and Order denying his Motion for Compassionate Relief Pursuant to the "Catch-All Provision" under the First Step Act's Amended § 3582(c)(1)(A)(i) of 2018, (Dkt. #562), to the United States Court of Appeals for the Fifth Circuit. Thompson moves to proceed *in forma pauperis* on appeal, (Dkt. #565). The Court finds that Thompson should be allowed to proceed *in forma pauperis* on appeal and grants the motion.

## C. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant Ralph Nathaniel Thompson's Motion for Reconsideration Following the Supreme Court's Ruling in *United States v. Concepcion*, No. 20-1650, (Dkt. #563), is hereby **DENIED**. It is

further **ORDERED** that Defendant Ralph Nathaniel Thompson's Motion to Proceed

*In Forma Pauperis* on Appeal, (Dkt. #565), is hereby **GRANTED**.

**So ORDERED and SIGNED this 12th day of July, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE